IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM WILSON                                                                        PLAINTIFF

v.                        CIVIL NO. 5:17-CV-5154

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, William Wilson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on September 24, 2014, alleging an inability to work since December 31, 2009, due to chronic obstructive pulmonary disease, anxiety, bronchitis, and an old gunshot wound to the right hand. (Tr. 79, 91, 103, 119). For DIB purposes, Plaintiff maintained insured status through December 31,

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

2014. (Tr. 79, 91, 103). An administrative video hearing was held on July 23, 2015, at which Plaintiff and a vocational expert testified. (Tr. 49-76).

By written decision dated April 20, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of chronic obstructive pulmonary disease (COPD) and bronchitis. (Tr. 25). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 27). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except that Plaintiff must avoid even moderate exposure to fumes, odors, dust, gases, and poorly ventilated areas, and he is limited to jobs that do not require complex written communication. (Tr. 27-32). With the help of a vocational expert (VE), the ALJ determined that although Plaintiff was unable to perform his past relevant work, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a garment entry clerk, a store laborer, and a golf range attendant. (Tr. 33). The ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from December 31, 2009, through the date of the decision. (Tr. 33).

Plaintiff then requested a review of the hearing decision by the Appeals Council, and that request was denied on June 20, 2017. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 19th day of February, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE